UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

HARYVES CABA, by his mother and
natural guardian Albania Bonilla,

                     Plaintiff,

- against -

THE CITY OF WHITE PLAINS and "JOHN"
SWIFT, the first name being presently
unknown, being a detective employed by
the City of White Plains Department of
Public Safety,

                     Defendants.

----------------------------------------------------------------x

JUDGE BRIEANT

08 CV 2397

COMPLAINT

Jury Trial Demanded

HARYVES CABA, by his mother and natural guardian Albania Bonilla, by LENIHAN & ASSOCIATES, alleges the following upon information and belief as his Complaint:

### Nature of the Action

1. This civil rights action arises from the December 9, 2006 unlawful and abusive interrogation of seven year old HARYVES CABA by defendant SWIFT and other City of White Plains employees. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

2. This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of White Plains under 28 U.S.C. §1367. Plaintiff requests that this Court

exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because the events forming the basis of this action occurred therein.

## Parties

4.    Plaintiff HARVYES CABA is a citizen of the United States of America residing in the State of New York, County of Westchester. He was born on April 10, 1999 and, at the time of the incidents herein, he was seven years of age and attending second grade at the Church Street School in White Plains. He lives with his mother, step father and younger brother in White Plains.

5.    Albania Bonilla resides in the State of New York, Westchester County. She is the mother and natural guardian of plaintiff Haryves Caba.

6.    Defendant CITY OF WHITE PLAINS is a Municipal Corporation within New York State. The City of White Plains has established and maintains a Department of Public Safety Police Bureau as a constituent department or agency. At all times relevant, the City of White Plains employed the Police personnel involved in the incident underlying this lawsuit.

7.    Defendants "JOHN" SWIFT ( the "individual defendant") was at all times relevant a duly appointed and acting employee of the City of White Plains Public Safety Department and held the rank of detective.

8.    At all times relevant, the individual defendant was acting under color of state law.

9. The individual defendant and other City of White Plains employees involved in the incidents underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of White Plains.

## Notice of Claim

10. On or about February 26, 2007, and within the time allotted by law, plaintiff filed a Notice of Claim upon defendant the City of White Plains, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

11. The Notice of Claim was in writing and was sworn to by the plaintiff's mother, and contained the name and post office address of the plaintiff and plaintiff's attorney.

12. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

13. The City of White Plains has neglected and failed to adjust the claims within the statutory time period.

14. This action was commenced within one year and ninety days of the happening of the event upon which the claims are based.

## Facts Underlying Plaintiff's Claims for Relief

15. On December 9, 2006 beginning at around 10:30 a.m., and for approximately the next four hours, defendant Swift and other White Plains employees intensely, abusively and, ultimately, unlawfully questioned and

detained seven year old Haryves Caba on allegations that he had kissed and fondled a female classmate.

16. The classmate's parent is a White Plains Police Officer.

17. The conduct to which Haryves was subjected was designed to and did cause severe emotional distress.

18. In approximately early December 2006, the Principal of the Church Street School, Michael DeChance, telephoned Albania Bonilla, Haryves' mother, to report that parents of a classmate, a girl, claimed that plaintiff and their daughter had been kissing and that Harvyes has fondled the classmate.

19. Haryves, accompanied by his father, Miguel Caba, met with the Principal about the incident and in furtherance of the school administration's investigation of the incident. Upon information and belief, the school determined the claims to be unfounded.

20. Approximately one week later, and only because the classmate's parent was a White Plains Police Officer, both Haryves' mother and father received a call from the White Plains Department of Public Safety about the allegations.

21. In the morning of December 9, 2006, Haryves, accompanied by his father, went to Police headquarters.

22. Over the next four hours, defendant Swift and others subjected Harvyes to harsh interrogation about the incident over the objections and sometimes outside the presence of plaintiff's father, Miguel Caba. Plaintiff's father, during the course of the interrogation, told defendant Swift or other White Plains employees that he wanted to end the questioning and leave with

Haryves. Against his wishes and without his consent, the questioning of Haryves continued.

23.     As a result of the conduct to which he was subjected, Mr. Caba suffered shock, fright, mental trauma and deprivation of his constitutional rights, among other injuries. Haryves sustained and continues to suffer from severe emotional distress manifested by, among other things, developmental regression, headaches, sleep difficulties, anxiety, terror when seeing a police car and sweating, nervousness and tears when he sees police officers.

24.     As a result of the conduct to which he was subjected, plaintiff has received psychological and psychiatric care and has been prescribed anti-anxiety medication.

25.     At all times relevant, the individual defendant and others involved in Mr. Caba's interrogation acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

26.     Plaintiff repeats the allegations of paragraphs 1-25 as though fully stated herein.

27.     By the actions described above, the individual defendant deprived Mr. Caba of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

28.     As a consequence thereof, Haryves Caba has been injured.

## SECOND CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER ARTICLE ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION

29. Plaintiff repeats the allegations of paragraphs 1-25 as though fully stated here.

30. By the actions described above, the individual defendant deprived Haryves Caba of rights secured by the Constitution of the State of New York, including, but not limited to plaintiff's to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

31. As a consequence thereof, Haryves Caba has been injured.

## THIRD CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

32. Plaintiff repeats the allegations of paragraphs 1-25 as though fully stated herein.

33. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

34. As a consequence thereof, Haryves Caba has been injured.

## FOURTH CLAIM FOR RELIEF FOR ASSAULT

35. Plaintiff repeats the allegations of paragraphs 1-25 as though fully stated herein.

36. By the actions described above, Mr. Caba was intentionally placed in apprehension of imminent harmful and offensive contact.

37. As a consequence thereof, Haryves Caba has been injured.

## FIFTH CLAIM FOR RELIEF FOR
## INTENTIONAL INFLICTION OF SEVERE MENTAL DISTRESS

38. Plaintiff repeats the allegations of paragraphs 1-25 as though fully stated here.

39. By reason of the foregoing, the individual defendant intentionally or recklessly engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society thereby intentionally inflicting mental and emotional distress upon the plaintiff.

40. As a consequence thereof, Haryves Caba has been injured.

## SIXTH CLAIM FOR RELIEF FOR NEGLIGENCE

41. Plaintiff repeats the allegations of paragraphs 1-25 as though fully stated here.

42. By reason of the foregoing, the individual defendant and other White Plains employees, and each of them, failed and refused to use such care in the performance of their duties as a reasonably prudent police officers would have used under similar circumstances.

43. As a consequence thereof, Haryves Caba has been injured.

## SEVENTH CLAIM FOR RELIEF FOR NEGLIGENCE

44. Plaintiff repeats the allegations of paragraphs 1-25 as though fully stated herein.

45. The acts complained of herein resulted from defendant City of White Plains, through its agents, servants and employees, breaching its duty properly to train, supervise or discipline its law enforcement personnel, including training, supervising or disciplining individual Police personnel who

unlawfully and abusive terrorize children through interrogation and hold them in custody unlawfully.

46. The defendant City of White Plains's failure properly to train, supervise or discipline its Police personnel, including the employees involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional or unlawful conduct and allowed the individual defendant and others involved to believe that they could with impunity abuse Mr. Caba.

47. As a consequence thereof, Haryves Caba has been injured.

### Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:
  1. A declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
  2. A declaration that plaintiff's right to be free from unreasonable searches and seizures under the New York State Constitution was violated;

(B) Compensatory damages in an amount to be fixed at trial;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendant in an amount to be fixed at trial;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorney's fees under 42 U.S.C. §1988; and

    (F)    Such other and further relief as this Court may deem just and proper.

Dated: March 7, 2008
       White Plains, New York

                Lenihan & Associates, LLC
                Attorney for Plaintiff

                By: Matthew Flamm MF1309
                Of Counsel
                235 Main Street
                White Plains, New York 10601
                (914) 949-8855